[Civ. No. 4620. Second Appellate District, Division Two.—March 28, 1928.]

HAROLD M. BUDD, Respondent, v. JOSEPH ZUKIN BLOUSES, INC. (a Corporation) et al., Appellants.

Dudley Robinson for Appellants.

Willis S. Mitchell for Respondent.

STEPHENS, J., *pro tem.*—A judgment by the court sitting without a jury went against defendants, who, after denial of their motion for a new trial, appealed.

Plaintiff represented an eastern cloth house and took an order from defendants for certain goods. The goods were delivered and a comparatively small amount thereof used before defendants, claiming them to be practically useless and not according to sample, returned the articles by express and refused payment. This action resulted. The trial court found for plaintiff on conflicting evidence and this court will therefore not further consider the evidence on this point, but will examine into the several points made in the inverse order of their statement in appellants' brief.

█ Appellants' Fourth Point: "The finding 'that the goods, wares and merchandise sold and delivered by plaintiff's assignor were as represented' is not supported by the evidence." We have passed upon this point in the statement above made.

█ Appellants' Third Point: "Finding No. VI is not supported by the evidence." Finding No. VI reads as follows: "That it is true that the S. & B. Knitting Company, Inc., duly made and executed a good and sufficient assignment, prior to the filing of said action, to Harold M. Budd, plaintiff herein, of said claim due from the defendants." The assignment is for the sum alleged in the first alleged cause of action of the complaint as due plaintiff from defendants. It is signed "S. B. Knitting Mills, Inc., by Michael Schuer, Prest., Morris Blum, Secretary." In the body of the instrument the name "S. and B. Knitting Company, a corporation of the State of New York," is used. There was ample testimony upon which the trial court could properly have based the conclusion that the entity referred to in this document was plaintiff's assignor, the "S. & B. Knitting Mills, Inc." In reading the whole find-

ings it is apparent that the word "Mills" was inadvertently displaced by the word "Company."

Appellants object to the receipt of the assignment in evidence because it has never been proved that plaintiff's assignor was not shown to be a corporation. It was, however, shown that it did business under the title "S. & B. Knitting Mills, Inc.," and the assignment is signed in the same way by Michael Schuer, "Prest." The plaintiff knew Schuer and his signature, and well knew him to be holding himself out as president of the company Schuer was selling goods for. This identifies the assignment, and it makes no difference whether the concern is a corporation or not. The assignment was withdrawn and sent east and returned with acknowledged statements attached. Of course, this added nothing to the document, and we have here considered it independently of such statements.

Appellants' Second Point: "The second cause of action does not state facts sufficient to constitute a cause of action." Herein plaintiff alleges payment of some express charges by the eastern house, and it appears from the evidence but not from the complaint that they were for return of the goods to it by defendant. Appellants complain, to quote from their brief, that "the reason for paying the amount mentioned, whether for the use and benefit or at the instance and request of defendants, or for what reason, is not stated. How plaintiff became entitled to the amount sued for does not appear." Plaintiff incorporates paragraphs III and IV of the first cause of action as a part of this cause, but we must agree with appellants that this does not help the situation. The assignment does not cover this item, and there is no allegation that it was ever assigned to plaintiff. The complaint is fatally defective as to this cause of action.

Appellants' Point Number 1: "The first cause of action in the complaint does not state facts sufficient to constitute a cause of action." Under this heading it is asserted that no adequate allegation of nonpayment has been alleged. Plaintiff alleges that defendants became indebted to plaintiff's assignor, and "then, instead of alleging that all or any part of said purchase price or value remains unpaid, the said paragraph concludes as follows: 'and there

is now due, owing and unpaid from the defendants to plaintiff the sum of nine hundred thirty-nine and 58/100 ($939.58) dollars, no part of which sum has been repaid.' '' Plaintiff then alleges assignment of the claim from the eastern house to himself, and that he now owns the same; that defendants promised to pay plaintiff and they have failed and refused to do so or to pay any part of the claim. The inaccuracies of these allegations are apparent. The evidence does show, however, resolving all conflict in favor of the findings of the court below, that the indebtedness, up to the date of judgment, did exist from defendants to plaintiff's assignor. In fact, the answer by affirmative allegation admits the incurring of the debt, but attempts to avoid it by alleging poor quality and payment to plaintiff's assignor of $44 for goods actually used. The evidence explains that this $44 was not paid but that defendants did send a check for such sum to plaintiff along with notice of return of goods and that plaintiff has never cashed the check. There is no contention that the sum alleged to be due, nor any part thereof except the $44, has been paid to anybody, and since the findings of fact and the judgment would be a bar to any future action thereon, defendants have not suffered.

The judgment is modified by deducting therefrom the sum of $18.92, and as so modified it is affirmed. Respondent to recover costs on appeal.

Works, P. J., and Craig, J., concurred.